# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **RUSSELL WATSON,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | **Civil Action No.:** |
| | * | **1:21-cv-272** |
| **CITY OF PRICHARD,** | * | |
| | * | **JURY DEMAND** |
| | * | |
| Defendant. | * | |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for legal and equitable relief to redress race discrimination against Russell Watson. The suit is brought pursuant to Plaintiff's rights as secured by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e *et seq.*, as amended by the Civil Rights Act of 1991, (hereinafter "Title VII") which provides for relief against race discrimination in employment. Plaintiff seeks injunctive relief, equitable relief, lost wages, compensatory damages, attorneys' fees and costs.

### II. JURISDICTION & VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1343, & 2201.

### III. PARTIES

3. Plaintiff, Russell Watson (hereinafter "Watson"), is a Caucasian resident of the State of Alabama and is over the age of 19 years. Plaintiff has fulfilled all conditions precedent to the institution of this action. Plaintiff timely filed his charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 180 days of occurrence of the last

discriminatory act. Plaintiff also timely filed this complaint within ninety (90) days of the receipt of a Notice of Right To Sue issued by the EEOC.

4. Defendant, City of Prichard (hereinafter "Defendant"), is an employer doing business in this district. At all times relevant to this action, the Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964. Venue is proper in this Court pursuant to 28 U.S.C. §1367.

## IV.  STATEMENT OF FACTS AND CLAIMS

5. Plaintiff re-alleges and incorporates by reference paragraphs 1-4 above with the same force and effect as if fully set out in specific detail hereinbelow.

6. Plaintiff Watson, who is Caucasian, began working for Defendant on September 16, 2013, as a police officer. Watson currently holds the rank of sergeant.

7. Watson has a B.S. in Political Science and a Juris Doctor degree and has worked in the legal field, both as a lawyer and member of law enforcement, for over 30 years.

8. On or about October 3, 2019, Defendant advertised for a Police Administrative Officer position.

9. Watson was qualified and applied for the Police Administrative Officer position.

10. On or about December 3, 2019, Defendant filled the Police Administrative Officer position with an African-American individual, Aaron Tucker (hereinafter "Tucker").

11. At the time Tucker was selected for the position, he was unemployed.

12. Based on the job description and the job requirements, Watson's qualifications for the position far exceeded those of Tucker. Plaintiff was equally if not more qualified for the position than the African-American who was given the position.

13. The reasons given by Defendant for Watson's non-selection for this position are a pretext for race discrimination.

## CAUSE OF ACTION - RACE DISCRIMINATION IN PROMOTIONS PURSUANT TO TITLE VII

14. Plaintiff re-alleges and repleads the above and incorporates by reference paragraphs 1 through 13 above with the same force and effect as if fully set out in specific detail herein below.

15. Plaintiff brings this action against Defendant for its discriminatory failure to promote Plaintiff.

16. Defendant advertised an opening for Police Administrative Officer on or about October 3, 2019.

17. Plaintiff was qualified for and applied for the Police Administrative Officer position.

18. Plaintiff was not selected for the position. Defendant awarded the Police Administrative Officer position to an African-American individual, Tucker.

19. Plaintiff was more qualified than the African-American individual who was selected for the position.

20. Defendant has no legitimate non-discriminatory reason for its conduct.

21. Defendant's reasons for its actions are a pretext for race discrimination.

22. Because of such conduct, Plaintiff has suffered severe emotional distress, embarrassment, and humiliation.

23. Defendant's actions were willful, with malice and with reckless disregard for Plaintiff's rights.

## V.     **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.     Grant the Plaintiff a declaratory judgment holding that the actions of Defendant described herein above violated and continue to violate the rights of Plaintiff as secured by Title VII of the Civil Rights Act of 1964.

2.     Grant the Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and on Defendant's behalf from continuing to violate Title VII of the Civil Rights Act of 1964.

3.     Issue an injunction ordering Defendant not to engage in discrimination and acts which violate Title VII of the Civil Rights Act of 1964.

4.     Grant the Plaintiff an order requiring Defendant to make Plaintiff whole by instating him to the position he would have occupied in the absence of the race discrimination, backpay (plus interest), front pay, compensatory damages, and/or nominal damages.

5     Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

Respectfully submitted,

*/s/ Temple D. Trueblood*
Temple D. Trueblood
WIGGINS, CHILDS, PANTAZIS,
FISHER & GOLDFARB, L.L.C.
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 314-0500

<u>Co Counsel:</u>
Edward L. D. Smith
Post Office Box 1643
Mobile, Alabama 36633
(251) 432 0447

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL ISSUES TRIABLE BY A JURY.**

<u>s/ Temple D. Trueblood</u><br>OF COUNSEL